Filed 3/15/21  P. v. Uhuru CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D077522 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD123050) |
| KOHEN DIALLO UHURU, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

Kohen Diallo Uhuru shot his girlfriend in the head, killing her. He pled guilty to second degree murder (Pen. Code,[1] § 187, subd. (a)) and also admitted that he personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)(1)).[2] The court sentenced Uhuru to prison for 15 years to life for the murder charge and an additional 10 years for the firearm enhancement.

Some 19 years later, Uhuru filed a petition for resentencing under section 1170.95, requesting that his murder conviction be vacated based on changes to sections 188 and 189 as amended by Senate Bill No. 1437. The court appointed him counsel, and he subsequently moved (twice) for substitution of counsel. The court denied Uhuru's requests for substitution of counsel without holding a *Marsden*[3] hearing and denied his petition for resentencing under section 1170.95 as well.

Uhuru appeals, contending we must remand this matter back to the superior court to hold a *Marsden* hearing. However, even if we were to agree that the court should have held such a hearing, on the record before us, we would conclude the error to be harmless beyond a reasonable doubt. Accordingly, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

As Uhuru sets forth in his opening brief, in 1999, he shot his girlfriend in the head, killing her in the presence of her three-year-old daughter.

---

[1] Statutory references are to the Penal Code unless otherwise specified.

[2] We grant Uhuru's unopposed request for judicial notice of the record in case No. D076648, an earlier appeal filed by Uhuru, which is unrelated to the issue before us here.

[3] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

2

An information charged Uhuru with murder (§ 187, subd. (a)), alleged he personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)(1)), and further alleged he intentionally killed the victim while lying in wait (§ 190.2, subd. (a)(15)). In 2000, Uhuru pled guilty to one count of murder in the second degree (§ 187, subd. (a)) and admitted the allegation that he used a firearm in the commission of the offense (§ 12022.5, subd. (a)(1)). In his plea agreement, he stipulated to a total sentence of 25 years to life, comprised of 15 years to life for the homicide, plus an additional 10 years to run consecutively for the gun use enhancement. The trial court sentenced Uhuru consistent with the plea agreement.

On March 7, 2019, Uhuru filed a petition for resentencing under section 1170.95, requesting that his murder conviction be vacated based on changes to sections 188 and 189 as amended by Senate Bill No. 1437. Two weeks later, the superior court appointed Uhuru counsel.

On April 29, 2019, the People opposed Uhuru's request for resentencing. On August 14, 2019, Uhuru's counsel filed a reply, requesting that the court rule on the petition without prejudice.

On September 5, 2019, Uhuru filed a motion requesting a substitution of counsel. In his motion, Uhuru asserted his appointed counsel "display[ed] gross ineffectiveness" and that she misunderstood Senate Bill No. 1437. He argued that he was entitled to relief under the changes to section 188 and 189 because he pled guilty to second degree murder. His appointed counsel disagreed, sending Uhuru a letter stating that he was not entitled to relief under section 1170.95 and Senate Bill No. 1437 because he was the " 'actual killer.' "

Uhuru filed a second motion for substitution of counsel five months later, making the same arguments he advanced in his first motion.

In a written order, the court denied Uhuru's petition for resentencing as well as his motion for substitution of counsel. The court explained that Uhuru was not entitled to resentencing because he was the actual killer. The court based this finding on the change of plea form and transcript of the preliminary hearing. As such, the court determined that Uhuru did not make a prima facia showing that he was entitled to relief under section 1170.95.

Based on the same reasoning, the court denied Uhuru's motion for substitution of counsel.

Uhuru timely appealed.

DISCUSSION

Uhuru argues the superior court erred in failing to hold a *Marsden* hearing after he filed a motion for substitution of counsel. Because the court appointed Uhuru counsel in connection with his petition for resentencing under section 1170.95 and the court ultimately determined he was neither entitled to relief under that statute nor new counsel, we first briefly discuss section 1170.95.

Section 1170.95 provides a mechanism whereby people "who believe they were convicted of murder for an act that no longer qualifies as murder following the crime's redefinition in 2019[ ] may seek vacatur of their murder conviction and resentencing by filing a petition in the trial court." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 973.) Through that statute, Senate Bill No. 1437 created a process by which a defendant convicted of murder under the natural and probable consequences or felony murder doctrine can petition to have his or her conviction vacated and be resentenced. A person is entitled to relief under section 1170.95 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the

4

natural and probable consequences doctrine," (2) he "was convicted of . . . second degree murder following a trial," and (3) he "could not be convicted of . . . second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) A person may be convicted of murder, even after the 2019 changes to sections 188 and 189, if he "was the actual killer." (§ 189, subd. (e)(1).) A " 'prima facie showing is one that is sufficient to support the position of the party in question.' " (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted Mar. 18, 2020, S260598, quoting *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851.)

Here, there is no dispute that Uhuru was the actual killer. In his opening brief, he writes that he "killed his girlfriend with a gunshot to her head." Uhuru's brief echoes the finding of the superior court that he was the actual killer based on the change of plea form and transcript from the preliminary hearing. And such a finding is sufficient to deny Uhuru relief under section 1170.95.[4] (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899, review granted Aug. 12, 2020, S263219 [where the record reflected the murder involved a single perpetrator, and the defendant personally used a weapon, the record showed, as a matter of law, that the defendant was the actual killer and, therefore, was not entitled to section 1170.95 relief].)

---

[4] We are aware that that the California Supreme Court is currently considering the following issue related to a claim for relief under section 1170.95: "May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95?" (See *People v. Lewis* (Mar. 18, 2020, S260598) ___ Cal.5th ___ [2020 Cal. LEXIS 1946].) However, Uhuru has not appealed the portion of the order denying his claim for relief under section 1170.95. Nor does he argue that he was not the victim's killer.

Simply put, on the record before us, Uhuru is not entitled to relief under section 1170.95 as a matter of law. He does not argue otherwise. Nevertheless, he asks this court to conditionally reverse the trial court's order to allow the superior court to hold a *Marsden* hearing. We decline to do so.

Uhuru brought two motions for substitution of counsel. It is clear that the disagreement between Uhuru and his appointed counsel was based on his claim for relief under section 1170.95. Uhuru's counsel informed Uhuru that he was not entitled to relief because he was the actual killer. However, Uhuru believes he is entitled to relief because he pled guilty to second degree murder not first degree murder. In other words, Uhuru believes he would be prohibited from obtaining relief under section 1170.95 only if he had pled guilty to first degree murder. As we discuss *ante*, he is mistaken.

Although Uhuru filed two motions for substitution of counsel, the court did not hold a *Marsden* hearing. Even if we assume this was error, we would determine the error harmless beyond a reasonable doubt.[5] (See *People v. Loya* (2016) 1 Cal.App.5th 932, 945; *Chapman v. California* (1967) 386 U.S. 18, 24.) Here, Uhuru does not dispute he was the actual killer. As a matter of law, he is not entitled to any relief under section 1170.95. (§ 189, subd. (e)(1).) There is nothing a new counsel could have done to change that.

---

[5] On the record before us, however, we are not convinced that the court's failure to hold a *Marsden* hearing was error. Both of Uhuru's motions for substitution of counsel set forth the same reason he wanted new counsel. (See *People v. Wharton* (1991) 53 Cal.3d 522, 580 ["When the basis of a defendant's dissatisfaction with counsel is set forth in a letter of sufficient detail, however, a full-blown hearing is not required."].) And, in the instant matter, Uhuru does not offer any additional reasons he desired new counsel. Against this backdrop, it is not clear what additional information a *Marsden* hearing would have provided.

Nevertheless, Uhuru argues that the superior court's failure to conduct a *Marsden* hearing in the instant matter was prejudicial per se because the failure resulted in a record that is not meaningful for purposes of appellate review. Although we agree that, in some instances, a failure to hold a *Marsden* hearing has been treated as prejudicial per se when the appellate court cannot conduct an adequate review on a silent record (see *People v. Hill* (1983) 148 Cal.App.3d 744, 755), this is not one of those cases. The reason Uhuru requested a new counsel is set forth in his two motions for substitution of counsel. He does not claim there were other, unidentified reasons for wanting new counsel. The only reason Uhuru was appointed counsel was to advance his claim that he was entitled to relief under section 1170.95. However, as his appointed counsel correctly noted, he was not entitled to any relief because he was the actual killer. We are satisfied, based on the record before us, that any error in failing to hold a *Marsden* hearing was harmless beyond a reasonable doubt.

DISPOSITION

The order is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.

7